UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES GRIFFITH, | ) |
|     Plaintiff, | ) |
| v. | ) Case No. 3:08-0385 </br> ) Judge Echols |
| WILLIAM WHITESELL, et al., | ) |
|     Defendants. | ) |

## MEMORANDUM

This is a pro se action under 42 U.S.C. § 1983 brought by Plaintiff James Griffith, a Tennessee state prisoner. He initially filed suit against numerous Defendants alleging various causes of action. However, after preliminary review by the Court under the Prison Litigation Reform Act, all of his claims and causes of action were dismissed for frivolity, except his claim against Rutherford County Sheriff Truman Jones and the Medical Director of the Rutherford County Adult Detention Center ("RADC") relating to their alleged failure to provide him with necessary medical care while housed at the RADC.

Presently pending before the Court is the Report and Recommendation ("R & R") of the Magistrate Judge (Docket Entry No. 15) which recommends that Plaintiff's Motion for a Temporary Restraining Order or Preliminary Injunction (Docket Entry No. 6) and his Motion to Amend Complaint (Docket Entry No. 8) be denied. Plaintiff has filed "Objections to Magistrate Report and Recommendations of 6/5/08" (Docket Entry No. 26).

1

## I. STANDARD OF REVIEW

When a party makes timely objections to an R&R, the Court "shall make a *de novo* determination of the matter and may conduct a new hearing, take additional evidence, recall witnesses, recommit the matter to the Magistrate Judge for further proceedings and consideration, conduct conferences with counsel for the affected parties, and receive additional arguments, either oral or written, as the District Judge may desire." L.R.M.P. 9(b)(3); Fed.R.Civ.P. 72.

## II. DISCUSSION

This Court has conducted a *de novo* review of the entire case file and finds that the Magistrate Judge was correct in recommending that Plaintiff's Motion to Amend the Complaint and his request for injunctive relief be denied.

### A. Motion for Temporary Restraining Order or Preliminary Injunction

In support of his request for a Temporary Restraining Order or Preliminary Injunction, Plaintiff submitted an Affidavit in which he states that Defendants wrongfully failed to follow an August 2007 court order from the Rutherford County Circuit Court which required that he be taken to Stone Crest Medical Center[1] for surgery related to his "bladder stones" and thereafter transported to the DeBerry Special Needs Facility ("DeBerry") in Nashville, Tennessee for recovery. He also states that while at DeBerry in March and April of 2008, he was diagnosed as having a faulty heart valve and sleep apnea. Plaintiff claims that he is in severe pain, that his "heart and/or kidney could shut down at any time, causing . . . death" and that his sleep apnea could "cause my death at any moment in my sleep." (Docket Entry No. 7).

---

[1] In his filings, Plaintiff repeatedly references Stone Crest Medical Center in "Murfreesboro, Tennessee." The Court assumes Plaintiff is actually referring to Stone Crest Medical Center in Smyrna, Tennessee.

In recommending against the grant of either a temporary restraining order or preliminary injunction, the Magistrate Judge considered the standard four factors utilized in determining the propriety of injunctive relief, including (1) whether Plaintiff has a substantial likelihood of success on the merits; (2) whether Plaintiff will suffer irreparable injury absent an injunction; (3) whether the issuance of an injunction would cause harm to others; and (4) whether the public interest would be served by the issuance of an injunction. See, Abney v. Amgen, Inc., 443 F.3d 540, 546 (6th Cir. 2006)(setting forth factors to be considered). The Magistrate Judge determined that Plaintiff has not shown a likelihood of success on the merits or that he would suffer irreparable injury absent an injunction because his claimed injury as a result of the action or inaction of the Defendants in this case is speculative. The Magistrate Judge further reasoned that the issuance of an injunction would cause harm to the Defendants and would not be in the public interest because it would require the court to intervene in internal prison operations in a case where the inmate has not shown urgent and compelling reasons for that intervention.

Plaintiff objects to the Magistrate Judge's conclusion by repeatedly referencing an order from the Rutherford County Circuit Court which purportedly mandated that he immediately be taken to Stone Crest Medical Center for surgery and then to DeBerry for recuperation. The order at issue reads as follows:

> This matter having come before the Honorable Court on the 20th day of August, 2007 and for good cause shown it is hereby ordered that the Defendant shall be transported to the Deberry Special Needs Facility immediately upon his recovery from surgery here in Rutherford County. The Defendant's medical condition is such that he shall be transported as soon as possible to ensure proper care.

(Docket Entry No. 1 at 25).

On its face, the order does not suggest that Plaintiff's life is in peril, only that after surgery (the type of which is not specified), Plaintiff is to be taken immediately to DeBerry. Moreover, no urgency can be drawn from the order inasmuch as it was issued almost one year ago, but Plaintiff did not file his present motion until May 22, 2008. Further, Plaintiff's own filings indicate that he was in fact sent to DeBerry, stayed there from March 31, 2008 to April 11, 2008, and during that stay was examined by a "Vanderbilt specialist" at Meharry Medical Center. (Docket Entry No. 7 at 1). While Plaintiff in his Objections claims that he could die at any moment because of his various ailments, there simply is no medical evidence in the record to support this contention.

In order to be entitled to injunctive relief, Plaintiff has the burden of showing a strong likelihood of success on his claims, and a Plaintiff does not meet that burden by offering mere speculation or conjecture. See, Northeast Ohio Coalition for Homeless v. Blackwell, 467 F.3d 999, 1011 (6th Cir. 2005). Plaintiff's failure to meet that burden in this case is further compounded by the fact that Plaintiff is no longer incarcerated in Rutherford County, but instead is in the Tennessee Department of Corrections. Obviously, Rutherford County employees, who are the only Defendants in this case, are not in a position to transport Plaintiff anywhere. Further, Plaintiff, by his own admission, has recently been examined by a medical specialist and it would not be in the public's interest for this Court to second-guess medical professionals or prison officials, absent some concrete evidence that those officials are wrongly denying Plaintiff needed medical care. Accordingly, Plaintiff's Objections to the R & R insofar as they relate to the recommended denial of Plaintiff's request for injunctive relief will be denied.[2]

---

[2]Plaintiff also objects to the R & R because he has not received discovery from the Defendants which he claims will show the severity of his conditions. However, the R & R was issued a full week before Plaintiff filed his "Motion for Production" (Docket Entry No. 18) and thus

**B. Motion to Amend Complaint**

In his Motion to Amend his Complaint, Plaintiff seeks to add "facts that he recently learned about his heaalth [sic] in regard to the violations of his 8th amendment rights thru [sic] the defendants [sic] deliberate indifference to his serious medical needs." (Docket Entry No. 8 at 1). Specifically, Plaintiff alleges that during a transfer between state prisons, he was forced to ride on a bus for 12 hours while shackled and, because he was not belted or restrained in his seat, he continually "banged" the seats on the bus which caused him excruciating pain. (Id. at 2). He also alleges that, while incarcerated at the Louis M. DeBerry Special Needs Facility, he was diagnosed with a damaged heart valve but not provided appropriate medical care.

The Magistrate Judge recommends not allowing Plaintiff to amend his Complaint to add these claims because they relate to alleged actions (or inactions) taken by different individuals which occurred after Plaintiff was transferred from county custody to state custody. Plaintiff objects, arguing that where he is housed "should not matter" because he has "several" serious medical needs which "defendants" have not properly addressed (Docket Entry No. 26 at 4).

Where Plaintiff is presently being held does in fact matter because it relates to who is holding him in custody. Plaintiff is now being held in state custody by state personnel and his proposed allegations relate to alleged actions taken by them as recently as March 2008. However, the only surviving claim in his original Complaint relates to actions taken by Rutherford County personnel at the RADC in 2007. As the Magistrate Judge correctly observed, any claims against individuals

---

the Magistrate Judge cannot be faulted for not considering an argument which was not even in issue at the time of issuance of the R & R. In any event, regardless of what Plaintiff's medical records may show, he does not suggest how he can be entitled to any relief from the present Defendants given that he is now a Tennessee Department of Corrections inmate and not in the custody of Rutherford County.

5

of the Tennessee Department of Corrections are different from those against Rutherford County and consist of different events. Accordingly, Plaintiff's objection to the recommended denial of his Motion to Amend will be overruled.

### III. CONCLUSION

On the basis of the foregoing, the R & R (Docket Entry No. 15) which recommends denial of Plaintiff's Motion for a Temporary Restraining Order or Preliminary Injunction (Docket Entry No. 6) and Motion to Amend Complaint (Docket Entry No. 8) will be accepted and approved, those motions will be denied, and Plaintiff's Objection to the R & R (Docket Entry No. 26) will be overruled.

An appropriate Order will be entered.

*[signature]*

ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE